## In re TRACY.

**Patent Appeal No. 2948.**

Court of Customs and Patent Appeals.
April 11, 1932.

Fay, Oberlin & Fay, of Washington, D. C. (George E. Tew, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on improvements in automotive vehicle drives. Ten claims were filed with his application, all of which were rejected by the Examiner and by the Board of Appeals on the following references: Cook et al., 1,417,797, May 30, 1922; Starr, 1,464,887, August 14, 1923; Cook et al., 1,442,795, January 23, 1923; Moorehouse, 1,575,176, March 2, 1926.

It is stated by the Board that claim 3 is illustrative of all the claims; said claim being as follows: "In differential gearing, the combination of opposite axles, a gear axially secured to the adjacent end of each axle, a differential cage, differential pinions mounted in said differential cage and adapted to drive said axle gears, said axle gears being free to center themselves upon said differential pinions, and means for rotatively driving said differential cage."

The claimed novel feature in appellant's application is the element "axle gears being free to center themselves upon said differential pinions." Appellant shows two forms of differentials. A discussion of one will suffice for the purposes of this opinion. In this form, designated as Figure 1 of his drawings, appellant shows the ordinary differential cage, and axles and pinion gears for driving the same. These axles and gears for driving the same are so constructed that there is a clearance, permitting a slight movement laterally or radially of said pinion gears, to permit them to adjust themselves centrally of the differential pinion and mesh with each pinion of the differential substantially equal.

No reference is cited which shows this construction. However, the Patent Office tribunals call attention to the reference Moorehouse, which shows substantially the same form of differential cage and gearing, but which shows the pinion gears which drive

the axle closely meshed with the differential gears, so that there is no clearance or play between the same, thus permitting no radial movement.

It is said, however, by the Board of Appeals, that if the Moorehouse reference is read in connection with the references Cook, 1,417,797, Cook, 1,442,795, and Starr, 1,464,887, it will be found that all the claimed inventive ideas are fully developed by said references.

The first Cook reference shows a planetary type of gearing in which the power enters at one side of the gearing and is conducted through the gearing to another driven shaft in line therewith. Certain floating gears are interposed, thus giving an amount of play or clearance in this mechanism.

The second Cook reference has application to a reducing gear to be used on tractors and the like, being a mechanism by which the driving force entering a cage is transmuted into force by which the tractor wheels are rotated at a reduced speed. In this reference also clearance is provided between certain of the elements in the mechanism.

The reference Starr is also a gear reduction device, to be disposed within a housing located on the outside of the hub portion of the wheel to be driven. This device also shows clearance between the gear elements, permitting some shifting thereof.

We are loath to disturb the concurring decisions of the Patent Office tribunals on a technical matter such as that now before us. However, we are convinced that the references cited are not sufficient to lead to the conclusion that the appellant should not have the patent he seeks. It will be borne in mind that he, for the first time, has applied this principle to differentials in which an entering power is transferred to two driven axles. His idea of a clearance permitting radial and lateral play in his axle pinions is exactly the opposite of that shown by Moorehouse. While it is true that others have shown, as in the other references, arrangements of gearing wherein lateral or radial clearance is allowed, no one has applied this principle to the ordinary differential such as is in general use, and as is shown by the appellant.

It is true the improvement seems obvious. The fact, however, that no one has used it, or at least developed it, in this art prior to the appellant's use of it, is an argument in appellant's favor. It seems to be inventive, and is a new combination of elements which,

to our mind, produce a new and useful result.

This being our conclusion, it follows that the decision of the Board of Appeals should be, and is, reversed.

Reversed.